UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANN FITZPATRICK,

                            Plaintiff,

    -against-

MARK BORGHI,

                            Defendants.
----------------------------------------------------------------X

Docket No.

**COMPLAINT**

Plaintiff, ANN FITZPATRICK, by her Attorneys THE GOLD LAW FIRM, PC, for her Complaint Alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover money due to Plaintiff from Defendant's breach of contract in failing to remit payment received following the sale after consignment of certain artwork owned by Plaintiff.

## THE PARTIES

2. Plaintiff, ANN FITZPATRICK, is an individual with a principal residence at 164 Bay View Drive, Chocowinity, North Carolina.

3. Defendant MARK BORGHI ("Borghi" or "Defendant") is an individual residing at 9 Seaponack Drive, Sag Harbor, New York.

4. Upon information and belief, Defendant is an art dealer engaged in the business of buying and selling works of art.

5. In or about 2024, Defendant from his then existing gallery in Bridgehampton New York, solicited from Plaintiff, for the consignment of a work of art by the renowned artist, Joan Mitchell.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and complete diversity of citizenship exists among the parties.

7. Venue is proper in the Eastern District of New York pursuant to 28 USC §1391(b)(2) as a substantial part of the events or omission giving rise to Plaintiff's claim occurred in this District, including but not limited to, upon information and belief, the drafting and negotiation of the subject agreement, along with the actions taken by Defendant in furtherance thereof.

## ALLEGATIONS COMMON TO ALL CLAIMS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff and Defendant entered into a consignment agreement through a number of text messages, pursuant to which Defendant was to market and sell the work by Joan Mitchell at an agreed upon sum of ONE HUNDRED AND NINETY FIVE THOUSAND ($195,000.00) DOLLARS.

9. In December 2024, Defendant represented to Plaintiff that he had sold the Joan Mitchell work for ONE HUNDRED AND SEVENTY THREE THOUSAND FIVE HUNDRED ($173,500.00) DOLLARS. ( A copy of which is annexed hereto as Exhibit "A.")

10. Defendant paid to the Plaintiff the sum of EIGHTY THOUSAND ($80,000.00) DOLLARS, and despite multiple promises to do so, has failed to pay any further sums.

11. Defendant agreed to waive all fees and commissions in connection with the sale as the result of the delay.

12. Although, Plaintiff is not aware of the exact amount for which her Joan Mitchell painting was sold, she is owed a minimum of NINETY THREE THOUSAND FIVE HUNDRED ($93,500.00) DOLLARS plus interest the date of sale which was December 7, 2024.

13. Defendant sold Plaintiff's Joan Mitchell painting on December 7, 2024 for a minimum of $173,500.00 and to date, has failed to remit the entire sum due to Plaintiff.

14. Upon information and belief, Defendant used the money he agreed, but failed to pay to Plaintiff, to pay his mortgage taxes and other expenses related to his primary residence.

15. Defendant has breached his consignment agreement with the Plaintiff by failing to pay to Plaintiff at least $93,500.00 plus interest from December 7, 2024.

16. Plaintiff has been damaged in the amount not less than $93,500.00 through no fault nor contribution of her own.

17. By Reason of the Foregoing, Plaintiff is entitled to recover the sum of $93,500.00 from Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 – 16 above, as if more fully and completely stated herein.

19. Although Defendant has admitted to selling the Plaintiff's Joan Mitchell painting for $173,500.00, he has not provided Plaintiff with any proof that it actually sold for that amount, and given the Defendant's gross dishonesty in all dealings subsequent to the December 7, 2024 sale date, the possibility exists that Defendant sold the Joan Mitchell painting for a sum in excess of $173,500.00.

20. Plaintiff is entitled to an accounting demonstrating exactly Defendant received for Plaintiff's Joan Mitchell painting, and to an order directing the Defendant to disgorge any sums that he received above the $80,000.00 partial payment that he has made to the Plaintiff.

21. By Reason of the Foregoing, Plaintiff is entitled to an order compelling the Defendant to provide an accounting of the sale of the Joan Mitchell painting, and to require Defendant to produce all documents and records related to that sale, and to compel Defendant to disgorge all sums that he received excess of the $80,000.00 partial payment that was received.

### AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 – 20 above, as if more fully and completely stated herein.

23. Defendant, in soliciting the consignment of Plaintiff's Joan Mitchell painting, represented to Plaintiff that upon sale of the painting he would promptly remit payment of the proceeds to Plaintiff.

24. The prompt payment of the sale proceeds was a critical element of the consignment agreement, and without such representation, Plaintiff would not have arranged for the delivery of the Joan Mitchell painting to Defendant.

25. Defendant, however, at the time he solicited the consignment was aware that because of his own precarious financial condition, he would not be able to remit the full amount of the proceeds to Plaintiff, and he intended to use a portion of the sale proceeds to satisfy his own obligations.

26. Subsequent to the sale of Plaintiff's painting, Defendant made numerous excuses and false statements to avoid making the payment of the full proceeds.

27. By Reason of the foregoing, Defendant has defrauded the Plaintiff, and is liable to Plaintiff.

### AS AND FOR A FOURTH CAUSE OF ACTION

28. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 – 26 above, as if more fully and completely stated herein.

29. Defendant's solicitation of the consignment of Plaintiff's Joan Mitchell painting by representing that he would promptly remit the sale proceeds, his failure to remit the full sale proceeds in a timely manner, and his making of false statements and representations in connection with, all constitute deceptive trade practices in the State of New York, and are violative of NYS General Business Law §349

30. Defendant's under-reporting of the sale proceeds, as alleged above under information and belief, would also constitute a deceptive trade practice under NYS General Business Law §349.

31. By Reason of the foregoing, Plaintiff is entitled to treble damages as allowed under NYS General Business Law §349, and full reimbursement of her legal fees and costs.

### JURY DEMAND

32. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff ANN FITZPATRICK hereby demands a trial by jury.

-intentionally blank-

**PRAYER FOR RELIEF**

**WHEREFORE,** By Reason of the foregoing, Plaintiff, ANN FITZPATRICK, is entitled to the following relief:

(a) On the First Cause of Action, an award of NINETY THREE THOUSAND FIVE HUNDRED ($93,500.00) DOLLARS, plus interest from December 7, 2024;

(b) On the Second Cause of Action, an Order directing the Defendant to account for the entire proceeds of the sale of Plaintiff's Joan Mitchell Painting, and an Order compelling Plaintiff to disgorge the full amount of those proceeds plus interest from December 7, 2024;

(c) On the Third Cause of Action, an award of damages sufficient to compensate the Plaintiff for the fraudulent activities of the Defendant;

(d) On the Fourth Cause of Action, Treble Damages as permitted by New York State's GBL§349, along with costs and legal fees; as well as such other and further relief as this Court deems just and proper.

Dated: June 26, 2025
Bellmore, New York

THE GOLD LAW FIRM, PC
Attorneys for Plaintiff
By: Aaron M. Goldsmith, Esq. *Of Counsel*
1666 Newbridge Road, 2nd Floor
Bellmore, New York 11710
(516) 512-6333
aarongoldsmithlaw@gmail.com

TO:

**PERSONAL & CONFIDENTIAL**
MARK BORGHI
Defendant
9 Seaponack Dr,
Sag Harbor, NY 11963

# EXHIBIT A

# MARK BORGHI

NEW YORK | BRIDGEHAMPTON | SAG HARBOR

SALE STATEMENT                                                                                          December 7, 2024

Ann Fitzpatrick
124 Bay View Drive
Chocowinity, NC 27187

---

For the following work of art

Joan Mitchell (1925 - 1992)
*Untitled*, 1964
Oil and pastel and graphite on paper
16 3⁄4 x 13 3⁄4 inches (42.545 x 34.925 cm)
Signed lower right

Ex-collection:
Gift of the artist to Carl Plansky
Amy Wolf Fine Art, New York
Private collection, New York



**MARK BORGHI**    NEW YORK | BRIDGEHAMPTON | SAG HARBOR

---

Total Due:                          $ 173,500.00

Thank you

*/s/ Mark Borghi*
_____
Mr. Mark Borghi