UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN FITZPATRICK,<br><br>                      Plaintiff,<br><br>       -against-<br><br>MARK BORGHI,<br><br>                    Defendant. | **MEMORANDUM & ORDER**<br>**25-CV-3600 (NGG) (JMW)** |

NICHOLAS G. GARAUFIS, United States District Judge.

Andy Warhol said that "art is what you can get away with." After almost a year of unopposed motion practice, Plaintiff Ann Fitzpatrick ("Fitzpatrick") finally holds Defendant Mark Borghi ("Borghi") to account for pocketing the profits of his sale of her Joan Mitchell painting. Fitzpatrick seeks default judgment that Borgi breached the pair's consignment contract, that an accounting is necessary to assess the full value of what she is owed, that Borghi fraudulently induced the contract, and that Borghi's actions constitute a deceptive practice in violation of New York State's General Business Law. (*See* Compl. (Dkt. 1).)

The court referred Fitpatrick's last and final motion for default judgment to Magistrate Judge James M. Wicks on March 5, 2026. (Order Referring Mot. dated 11/19/2025.) Judge Wicks returned a Report and Recommendation ("R&R") to the court on March 10, 2026. (*See* R&R (Dkt. 17).) He recommended that the court (1) grant Fitpatrick's motion for default judgment, (2) enter judgment against Borghi in the total amount of $93,500.00, plus pre-judgment interest at 9% per annum from December 8, 2024 to date of entry of judgment, and post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961 from the date the Clerk of Court enters judgment until the date of payment. (R&R at 31.)

No party has objected to the R&R, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 360 (2d Cir. 2025). The court ADOPTS IN PART and REJECTS IN PART the R&R, accepting all conclusions and recommendations except for its finding that the court cannot order an accounting for the value the painting received upon its sale.

## I.   ACCOUNTING

The court finds clear error with respect to the R&R's finding that an accounting is not an appropriate remedy. The R&R recites the Complaint's allegation that "[Borghi] has not provided any proof that the painting sold for that amount and, absent such proof, 'the possibility exists that Defendant sold the . . . painting for a sum in excess of $173,500.00.'" (R&R at 19 (citing Compl. ¶ 19).) If Borghi sold the painting for more than he claimed, those extra profits would belong to Fitzpatrick. (*Id.* (citing Compl. ¶ 20).)

The R&R correctly identifies the proper legal standards for an accounting claim. (R&R at 20.) The elements for an accounting claim, which is an equitable remedy, are: "(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him the burden of accounting; [and] (3) that there is no adequate legal remedy." *Superb Motors Inc. v. Deo*, 776 F. Supp. 3d 21, 102 (E.D.N.Y. 2025) (quoting *In re Sci., Language, & Arts Int'l Sch.*, No. 22-40065 (ESS), 2024 WL 2036101, at *24 (Bankr. E.D.N.Y. May 7, 2024)). A plaintiff must also "specifically allege: (a) that a fiduciary relationship existed between the parties, and (b) that the defendant breached his [] fiduciary duty." *Deo*, 776 F. Supp. 3d at 102 (citing *Soley v. Wasserman*, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011)).

While the R&R lays out the pertinent legal standard, it overlooked caselaw that specifically categorizes consignment

2

agreements—like the one at issue here—as creating fiduciary relationships. Thus, the agreement between Fitzpatrick and Borghi was not "merely contractual." (R&R at 20 (citing *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009)).) Consignment agreements that entrust pieces of art to sellers create fiduciary relationships between consigner and consignee. *See Marchig v. Christie's Inc.*, 430 F. App'x 22, 24 (2d Cir. 2011) (summary order) (citing *Cristallina S.A. v. Christie, Manson & Woods Int'l, Inc.*, 502 N.Y.S.2d 165, 171 (1st Dep't 1986)) ("Under New York law, which governs this case, consignees are fiduciaries. . . . Consignees therefore have a duty to conduct the assessment and sale of individual items or sets of items in accordance with the obligations of a fiduciary."); *Clegg v. Sotheby's*, No. 23-CV-1995 (ER), 2023 WL 8281487, at *4 (S.D.N.Y. Nov. 30, 2023) (finding that the creation of a consignment relationship "trigger[ed]" Sotheby's fiduciary duties as a consignee); *William J. Jenack Est. Appraisers & Auctioneers, Inc. v. Rabizadeh*, 22 N.Y.3d 470, 478 (2013) ("It is well settled that an auctioneer serves as a consignor's agent.").

Borghi had a fiduciary relationship with Fitzpatrick. Judge Wicks accurately analyzed the creation and validity of the consignment contract, which the parties entered into on or around December 4, 2024. (R&R at 17-18.) This contract endowed Borghi with fiduciary duties to act in the best interest of Fitzpatrick with respect to the marketing and sale of the painting. *See Marchig*, 430 F. App'x at 24. Borghi breached this fiduciary duty when he failed to remit the full payment for which he claimed that the painting sold. *See Scharf v. Jombihis Corp.*, No. 25-CV-8044 (CM), 2026 WL 752971, at *16 (S.D.N.Y. Mar. 17, 2026) (finding that an art dealer "openly repudiated its fiduciary obligation" when it "refused to pay [the artist] for the [] works it had already sold"); *see also Ball v. Cook*, No. 11-CV-5926 (RJS), 2012 WL 4841735, at *9 (S.D.N.Y. Oct. 9, 2012) (finding that a defendant to whom hundreds of pieces of art were consigned breached his

fiduciary duty by selling pieces and not forwarding the proceeds of the sales to the plaintiff). The court therefore finds that there was a fiduciary relationship between the parties, and that Borghi breached his fiduciary duty by failing to remit full payment. *Deo*, 776 F. Supp. 3d at 102.

Consequently, Fitzpatrick has adequately alleged the elements that entitle her to an accounting. *Deo*, 776 F. Supp. 3d at 102. First, the parties' "relations [were] of a mutual and confidential nature" through the existence of their fiduciary relationship. (R&R at 17-18.) Second, Fitzpatrick entrusted property—*i.e.,* the painting—to Borghi which imposes upon him the burden of accounting. (Compl. ¶¶ 1, 5.) And third, there is no adequate remedy at law, as the fiduciary relationship "alone gives rise to a claim for accounting" that is "absolute . . . notwithstanding the existence of an adequate remedy at law." *Deo*, 775 F. Supp. 3d at 103 (quoting *In re Science*, 2024 WL 2036101, at *24); *Koppel v. Wien, Lane & Malkin*, 509 N.Y.S.2d 327, 330 (1st Dep't 1986) (same).

Thus, the court determines that an accounting must be ordered as part of this default judgment, to which Borghi must respond with the final price for which the painting sold.

4

## II.  CONCLUSION

The court therefore respectfully DIRECTS the Clerk of Court to enter default judgment against Mark Borghi (1) granting Fitzpatrick's motion for default judgment based on her breach of contract claim, (2) awarding her $93,500.00, plus pre-judgment interest at 9% per annum on the $93,500.00 from December 8, 2024 to date of entry of judgment, and post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961 from the date the Clerk of Court enters judgment until the date of payment, and (3) ordering Borghi provide the court a verified, sworn accounting of the sale price of the painting. Because an accounting will assist the court in ascertaining any additional damages owed in connection with Plaintiff's claim and in what amount, there is no just reason to delay the entry of final judgment on that claim. *Cf. Scharf*, 2026 WL 752971, at *17. If the accounting reveals that the painting sold for a price above $173,500.00,  Fitzpatrick may petition this court to recover the difference between those values.

SO ORDERED.


Dated:      Brooklyn, New York
            May 7, 2026


                                              s/Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge

5